UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TARA L. CRUMP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-557-PPS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

An ALJ with the Social Security Administration denied Tara Crump's application for disability benefits and she now seeks review of that decision. In a comprehensive decision found at page 35 of the record, the ALJ found that Crump had the residual functional capacity to perform a significant number of jobs in the national economy.[1] Crump claims that the RFC assigned to her by the ALJ greatly overstated her actual functioning and did not sufficiently take into account her mental health impairments.

The ALJ's opinion adequately lays out the facts and Crump's medical history so I will just move right to the issue at hand—whether the RFC assigned by the ALJ took into account all of Crump's limitations. With all due respect to Crump's counsel, the brief filed on her behalf is short on specifics. Setting aside the boilerplate language that

---

[1] The administrative record is found at docket entry 11. Citations in this opinion are to the page number found in the lower right-hand corner of the record, not to the page number assigned to it by the CM/ECF system.

haunts most social security briefing, the meat of Crump's brief is a little more than a page long. [*See* DE 20 at 13-14.] She cites to one case to support her argument that the ALJ failed to account for Crump's mental health limitations when deciding her RFC. In particular, Crump says that the ALJ failed to account for her deficiencies in the functional area of maintaining concentration, persistence or pace. The only factual support for her argument is string cite in a footnote. [*Id.* at 15, n. 29.] She then announces that "Remand is required." [*Id.* at 15.] I think a reviewing court has a right to expect more. Indeed, nowhere in the argument does Crump tell me *what* additional limitations should have been included in the RFC to fully account for her limitations in concentration, persistence or pace. Instead, she leaves it for the court to divine what is missing.

Before diving into the specifics of the argument, let's start with some basics on what my role is in this process. It is not to determine from scratch whether or not Ms. Crump is disabled and entitled to benefits. Instead, my review of the ALJ's findings is deferential, to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). If substantial evidence supports the Commissioner's factual findings, they are conclusive. 42 U.S.C. §405(g).

Substantial evidence is a low bar. Long ago, the Supreme Court told us that "substantial evidence" is more than a "scintilla" of evidence, but it's less than a

preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Given this modest standard, the review is a light one. "Evidence is substantial if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). But of course, I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

As I said at the outset, Crump's sole challenge on appeal is that the hypothetical posed to the vocational expert and the RFC did not account for her moderate limitations in concentration, persistence or pace. Here's what the ALJ asked the VE to assume:

> [P]lease assume an individual the same age, education and work experience as the claimant. This hypothetical individual would be limited to light work, with only occasional climbing of ramps, and stairs; no climbing of ropes, ladders or scaffolds; only occasionally balancing, stooping, kneeling, crouching, and crawling. This individual would need to avoid concentrated exposure to noise; would be limited to simple, routine, repetitive tasks with only occasional interaction with co-workers and supervisors, and no interaction with the public; few workplace changes; and no job requiring greater than a fourth grade reading level.

[A.R. 88-89. These same restrictions were incorporated into the RFC. [*Id.* at 42.]

The problem with Crump's argument is that she has not specified what additional limitations should have been included in the RFC. Nor has she discussed any evidence in the record related to the functional area of concentration, persistence or pace which was ignored or improperly not considered. So I am left to guess as to what else should have been added.

3

As mentioned above, instead of discussing the evidence that supports her position, she has chosen to do a data dump on the court in the form of a footnote in her brief where Crump cites to 54 pages of the record for her argument that she has deficits in the area of concentration, persistence or pace. [*See* DE 20 at 15, n. 29.] But just how each of these citations to the record would mandate a different RFC is unclear to me. *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (holding that the burden is on a claimant "to explain why she was disabled as a result of her [impairments]"). I have reviewed each of the 54 pages to which she has cited the court. And the general takeaway is that, to be sure, Crump has a number of problems that she is dealing with. She has some serious mental health issues and perhaps bi-polar disorder. But much of her issues seem to stem from her serious drinking problem and her polysubstance disorder. And it appears that she applied for disability "because she has a lot of financial issues." [A.R. at 401.]

It is up to Crump to tell me how the evidence that she cites supports a different RFC. But instead, Crump has given me a string cite and invited me to find snippets of evidence that would support her position that the RFC did not take into account her limitations in maintaining concentration, persistence or pace. But it is not the Court's obligation to scour the record in search of such evidence. *Murphy v. Astrue*, 2011 WL 4036136, at *9 (N.D. Ill. Sept. 12, 2011); *see also Hermann v. Astrue*, 2010 WL 356233, at *13 (N.D. Ill. Feb. 1, 2010) (citing *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005)). Each party bears the burden of pointing out specific portions of the evidence in

the court's possession to support her case. *Herman*, 2010 WL 356233, at *13 (citing *Uhl v. Zalk Josephs Fabricators, Inc.*, 121 F.3d 1133, 1135 (7th Cir. 1997)). Crump's brief falls short.

The Commissioner, on the other hand, has pointed me to substantial evidence in the record—evidence that was relied on by the ALJ—to support the RFC that was assigned to her. For example, while the ALJ recognized that Ms. Crump reported difficulty concentrating and following instructions, the ALJ looked askance at this since there were substantial medical records that suggest the contrary. Indeed, the ALJ cited treatment records—and there are others that he didn't cite—from Crump's treating psychiatrist, Dr. Babu, where he repeatedly noted that Crump was not having any problem paying attention and concentrating during their sessions. [A.R. 41, 45, 222, 534, 543, 545, 548, 556, 560, 569, 571, 580, 582, 584, 591, 595, 724.] In other words, the record is replete with notes of examinations by Dr. Babu where he stated that Crump was "able to pay attention and concentrate." [*Id.*]

What's more, the ALJ also pointed out that the consultative psychologist, Dr. Joyce Scully, indicated that Crump appeared "attentive, persistent, and focused" during her evaluation of Crump. [*Id.* at 45, 450.] The ALJ further noted that Dr. Scully found Crump to be able to recall three objects after 25 minutes and that Crump seemed to Scully to have good social skills and related in a positive manner. [*Id.* at 45.] In addition, whatever shortcomings Ms. Crump did have in maintaining concentration were specifically incorporated into the RFC. As the ALJ explained, Crump was "limited to

5

simple tasks because of issues concentrating due to racing thoughts from bipolar disorder."[*Id.* at 46.]

The only case that Crump relies on is *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014). But nothing in *Yurt* mandates a remand in this case. First, in *Yurt,* the claimant was able to specifically point out evidence in the record that showed that he had several deficiencies in maintaining concentration, persistence or pace that were not addressed in the RFC. As discussed above, Crump has made no such effort here. And the ALJ's RFC determination "limited [Crump] to simple tasks because of issues concentrating due to racing thoughts from bipolar disorder" which shows that the ALJ in this case did incorporate the particulars of Crump's impairments and did not limit her to simply "unskilled work" as a catchall of sorts. [*Id.* at 46.] By contrast, in *Yurt*, the court found that the ALJ's hypothetical did "nothing to ensure that the VE eliminated from her response those positions that would prove too difficult for someone with Yurt's depression and psychotic disorder" by simply limiting the claimant to "unskilled" work. *Yurt*, 758 F.3d at 859.

Second, in *Yurt,* the deficiencies that the claimant wanted included in the RFC related to his ability to maintain concentration, persistence or pace were "supported by the medical evidence." *Yurt*, F.3d at 857. That is not the situation here. As shown above, the evidence from Dr. Babu and Dr. Scully suggest the contrary. [A.R. 45, 450.] This evidence (effectively left unchallenged by Crump's failure to articulate any particulars within her briefing) is more than the "scintilla" of evidence required to support the

6

decision. In sum, because substantial evidence supports the ALJ's conclusions, the decision must be affirmed.

**Conclusion**

The final decision of the Commissioner of Social Security is AFFIRMED.

The Clerk shall enter judgment in favor of defendant and against plaintiff accordingly.

So ORDERED on September 27, 2018.

/s/   Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT